# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ITSCHAK MADAR,<br><br>    Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC, d/b/a BMW Financial Services; HYUNDAI CAPITAL AMERICA, d/b/a Hyundai Motor Finance; VOLVO CAR FINANCIAL SERVICES U.S., LLC, d/b/a Volvo Car Financial Lease and Volvo Car Financial Services; EQUIFAX INFORMATION SERVICES, LLC; and TRANSUNION, LLC,<br><br>    Defendants. | Case No.: 18-7386<br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL**<br><br>1.  FCRA, 15 USC §1681 *et seq.* |

Plaintiff Itschak Madar ("Plaintiff"), through his attorneys, alleges the following against BMW of North America, LLC ("BMW"); Hyundai Capital America ("Hyundai"); Volvo Car Financial Services U.S., LLC ("Volvo"); Equifax Information Services, LLC ("Equifax"); and TransUnion, LLC ("TransUnion"), respectively and collectively referred to as the ("Defendants"):

## **INTRODUCTION**

This is a one-count complaint based on violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681 *et seq.*, against Defendants and their agents for their unlawful reporting of inaccurate information on Plaintiff's credit report.

## JURISDICTION AND VENUE

1. Jurisdiction of the court arises under 28 U.S.C. §1331.

2. Venue is proper pursuant to 28 U.S.C. 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

3. Defendants transact business in the State of New York; therefore, personal jurisdiction is established.

## PARTIES

4. Plaintiff is a natural person residing in Brooklyn, NY.

5. Plaintiff is a ("consumer") as defined by the FCRA, 15 U.S.C. §1681a(c).

6. Defendant BMW is a ("furnisher") under 15 U.S.C. §1681a(r)(5), with its principal place of business located at 300 Chestnut Ridge Road, Woodcliff Lake, NJ 07675.

7. BMW can be served upon its registered agent CT Corporation System located at 111 Eighth Avenue, New York, NY 10011.

8. BMW's d/b/a is BMW Financial Services.

9. Defendant Hyundai is a ("furnisher") under 15 U.S.C. §1681a(r)(5), with its principal place of business located at 3161 Michelson Drive, Suite 1900, Irvine CA 926121.

10. Hyundai can be served upon its registered agent National Registered Agents, Inc. located at 818 West Seventh Street, Suite 930, Los Angeles, CA, 90017.

11. Hyundai's d/b/a is Hyundai Motor Finance.

12. Defendant Volvo is a ("furnisher") under 15 U.S.C. § 1681a(r)(5), with its principal place of business located at 1 Volvo Drive, Rockleigh, NJ 07647.

13. Volvo can be served upon its registered agent Corporation Service Company, located at 80 State Street, Albany, NY 12207-2543.

14. Volvo's d/b/a's are Volvo Car Financial Lease and Volvo Car Financial Services.

15. Defendant Equifax is a ("credit reporting agency"), as defined under 15 U.S.C. 1681a(f), with its principal place of business located at 1550 Peachtree Street NW, Atlanta, GA 30309.

16. Defendant TransUnion is a ("credit reporting agency"), as defined under 15 U.S.C. 1681a(f), with its principal place of business located at 555 W. Adams, Chicago, IL 60661.

17. Defendants acted through their agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

18. Plaintiff is an Israeli immigrant and over 60 years of age, and has a poor command of the English language.

19. In or around May 2016, Plaintiff was shopping for a car. Eventually, Plaintiff applied for credit with different car dealerships.

20. Upon information and belief, Plaintiff's information was misappropriated by an employee at one of those dealerships.

21. In or around January of 2017, Plaintiff began receiving collection calls and letters from car companies which Plaintiff did not obtain credit from.

22. In or around 2017, Plaintiff obtained a copy of his credit report. In that report, Plaintiff discovered that Defendants were reporting inaccurate information.

23. Plaintiff was unsure about how to resolve this matter.

24. Plaintiff, in an attempt to fix his credit, sought the assistance of a company that deals with credit errors. Even with the assistance of that company, Plaintiff was unsuccessful in having the fraudulent accounts removed from his file.

25. In or around early 2018, Plaintiff visited the police station to file a report for the fraudulent accounts. Plaintiff was told that the issue was a civil matter.

26. Plaintiff feared that members of his community would learn that he was — incorrectly— delinquent on a series of luxury purchases;

27. Finally, Plaintiff learned that he could file an Identity Theft Report with the Federal Trade Commission and did so in April of 2018.

28. On or about April 19, 2018, Plaintiff filed such an Identity Theft Report (FTC Report Number 94792986).

29. Plaintiff reported that the accounts with BMW, Hyundai, Verizon Wireless and Volvo —one with Volvo Car Financial Lease and another one with Volvo Car Financial Services— were opened by persons using Plaintiff's information but without Plaintiff's consent or authorization.

30. Plaintiff further reported that his information was used to make inquiries by "TD AUTO FINANCE", "CHASE AUTO", "CAPITAL ONE AUTO FINANCE", "TRI

C", "CARIBBEAN AUTO SALES via CREDCO", and "MIDDLETOWN NISSAN IN via OD".

31. All of the opened accounts and the inquiries were made without Plaintiff's consent or authorization and were made around the same time.

32. In or around June of 2018, Plaintiff sent letters to Defendants Equifax, and Transunion, and non-party Experian Information Solutions, Inc. ("Experian"). In his letters, Plaintiff informed the agencies that Plaintiff's information had been misappropriated and used to apply for credit at several car dealerships, and that those persons eventually succeeded in obtaining credit from BMW, Hyundai, Volvo, and non-party Verizon Wireless ("Verizon"). Plaintiff attached a copy of his Identity Theft Report to each letter.

33. Upon information and belief, as required under 15 U.S.C. § 1681i(a)(2), each of Equifax, Experian, and TransUnion forwarded Plaintiff's dispute letters to each of Defendants BMW, Hyundai, Volvo, and Verizon, as well as to the non-party lenders who made inquiries into Plaintiff's file but did not open an account under Plaintiff's name.

34. On or about June 14, 2018, TransUnion sent a letter to Plaintiff. In it, Transunion informed Plaintiff that it deleted from Plaintiff's file the accounts opened with BMW, Hyundai, Volvo, and Verizon.

35. Without expressly stating it, TransUnion deleted the inquiries into Plaintiff's credit by "NCCINC/TRI COUNTY LEXUS", "CREDCO", and "CDK/MIDDLETOWN NISSAN".

36. However, TransUnion continues to include in Plaintiff's file the inquiries

made by "TD AUTO FINANCE", "CASE AUTO", and "CAPITAL ONE AUTO FINANCE".

37. On or about June 20, 2018, Equifax sent a letter to Plaintiff. In it, Equifax informed Plaintiff that it was not blocking the information on Plaintiff's file that Plaintiff was disputing, but that Equifax was contacting the furnishers to verify the accounts disputed.

38. On or about June 29, 2018, Plaintiff accessed Experian's reply. In it, Experian informed that it deleted from Plaintiff's file the accounts open with BMW, Hyundai, Volvo, and Verizon. Experian further informed that it deleted the inquiries into Plaintiff's credit by "NCCINC/TRI COUNTY LEXUS", "CAPITAL ONE AUTO FINANCE", and "CREDCO".

39. Upon information and belief, BMW, Hyundai, Volvo and Verizon reported to Equifax that they had not verified the disputed information with Experian and TransUnion, as required under 15 U.S.C. §1681s-2(b)(1)(D).

40. On or about July 9, 2018, Equifax sent Plaintiff a letter. In it, Equifax informed Plaintiff that it had verified with the furnishers that the accounts with BMW, Hyundai, and Volvo belong to Plaintiff. Additionally, Equifax informed Plaintiff that it had deleted the account with Verizon.

41. Upon information and belief, Equifax continues to include in Plaintiff's file the inquiries made by "TD AUTO FINANCE", "CAPITAL ONE AUTO FINANCE", "CHASE AUTO", "TRI COUNTY LEXUS via NCCTRI COUNTY LEXUS", "CARIBBEAN AUTO SALES via CREDCO", and "MIDDLETOWN NISSAN IN via

ODENISSAN OF MIDDLETOWN".

42. BMW, Hyundai, Volvo, Equifax, and TransUnion's reporting of the above information is patently inaccurate because the inquiries and accounts were made or opened by persons other than Plaintiff.

43. BMW, Hyundai, Volvo, Equifax, and TransUnion knew or had reason to know that the reporting was inaccurate because:

   a. The Verizon account —opened at around the same time as the BMW, Hyundai and Volvo accounts— was deleted from Plaintiff's file by each of Equifax, Experian, and TransUnion;

   b. Experian and TransUnion deleted the BMW, Hyundai, and Volvo accounts from Plaintiff's file;

   c. BMW, Hyundai, and Volvo informed Equifax that they had not verified those accounts with Experian and TransUnion; and

   d. Experian deleted all of the inquiries and TransUnion deleted only some of the inquiries made into Plaintiff's file around the same time, all of which were disputed by Plaintiff.

44. As a result of Defendants' conduct, Plaintiff has sustained actual damages including but not limited to, embarrassment, anguish, and emotional and mental pain. Defendants reporting is particularly aggravating of Plaintiff's damages because Plaintiff already had defaulted on three car loans in the past and was trying to put the experience behind him.

45. The inaccurate reporting by Defendants has caused Plaintiff's credit file to

be severely damaged by debts fraudulently incurred into by other persons. The denial to delete those debts from Plaintiff's file is effectively perpetuating the damage done to Plaintiff's credit, as well as exposing Plaintiff to being targeted by debt collectors.

46. Plaintiff has also suffered damages in the form of having no access to credit. Specifically, Plaintiff is interested in leasing a new car but is worried that more inquiries into his credit would further damage his credit and/or his application would be denied altogether.

## COUNT I

### Violations of the FCRA, 15 U.S.C. § 1681 *et. seq.*

47. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

48. The FCRA requires a credit reporting agency, either after receiving notice that a consumer disputes information that is being reported by a furnisher, to conduct a reasonable investigation with respect to the disputed information.

49. Defendants Equifax, and TransUnion failed to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b).

50. Defendants Equifax, and TransUnion failed to conduct a reasonable investigation under 15 U.S.C. §1681i.

51. Defendants BMW, Hyundai, Volvo, Equifax, and TransUnion violated 15 U.S.C. §§1681n and 1681o of the FCRA by engaging in the following conduct that violates §1681s-2(a), (b):

    a. Willfully and negligently failing to conduct an investigation of the inaccurate information that Plaintiff disputed;

    b. Willfully and negligently failing to review all relevant information concerning Plaintiff's file;

    c. Willfully and negligently failing to report the inaccurate status of the inaccurate information to all credit reporting agencies;

    d. Willfully and negligently failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all credit reporting agencies concerning the inaccurate information disputed by Plaintiff; and

    e. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning Plaintiff to the other credit reporting agencies.

52. The FCRA requires furnishers such as BMW, Hyundai, and Volvo, either after receiving notice directly from the consumer or from a credit reporting agency that a consumer disputes information that is being reported by that furnisher, to conduct an investigation with respect to the disputed information. The investigation involves (a) reviewing all relevant information, (b) reporting the results of the investigation to the credit reporting agency, and (c) if the investigation reveals that the information is incomplete or inaccurate, reporting those results to all other credit reporting agencies to which the furnisher has provided the inaccurate information.

53. Defendants BMW, Hyundai, and Volvo failed to conduct a reasonable

investigation following receipt of no less than **three** indirect disputes —each— as required under 15 U.S.C. §1681s-2(b).

54. Defendants BMW, Hyundai, and Volvo have willfully provided inaccurate information to Defendant Equifax, despite not verifying the reporting with Experian and TransUnion.

55. Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in causing serious injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendants are liable to compensate Plaintiff for the full amount of statutory, actual and punitive damages, along with attorneys' fees and costs, as well as other such relief, permitted by 15 U.S.C. §1681n.

56. As a result of the above-described violations Plaintiff has sustained damages including loss of the opportunities to obtain credit or better credit conditions, emotional distress, and mental and physical pain.

57. Defendants' violation of the FCRA was willful and therefore Plaintiff is entitled to seek statutory and punitive damages.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Itschak Madar respectfully requests judgment be entered against Defendants for the following:

A. Declaratory judgment that Defendants BMW, Hyundai, Volvo, Equifax,

and TransUnion violated the FCRA;

B. Actual damages pursuant to 15 U.S.C. §1681n(a);

C. Statutory damages pursuant to 15 U.S.C. §1681n(a)(1)(A);

D. Punitive Damages pursuant to 15 U.S.C. §1681n(a)(2);

E. Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n(c) and 1681o(b);

F. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

G. Any other relief that this Court deems appropriate.

Respectfully submitted this 15th day of August 2018.

By:*/s/ Daniel C. Cohen*
Daniel C. Cohen, NY #5481460
COHEN & MIZRAHI, LLP
300 Cadman Plaza West, 12th Floor
Brooklyn, New York 11201
T: (929) 475-4175
F: (929) 475-4195
E: dan@cml.legal
*Attorneys for Plaintiff*
*Itschak Madar*